**In re S. Richard BAUMAN and Elise R. Bauman, Debtors.**

Bankruptcy No. 95–24105.

United States Bankruptcy Court, W.D. Tennessee, Western Division.

Aug. 7, 1996.

Stephen D. Lobrano, Jacksonville, FL.

Charles W. Hill, Memphis, TN.

Henry C. Shelton, Memphis, TN.

## MEMORANDUM OPINION AND ORDER RE MOTION TO COMPEL DEBTORS TO IMPLEMENT PLAN AND FOR SANCTIONS

G. HARVEY BOSWELL, Bankruptcy Judge.

This matter is before the Court on motion of Capital Leasing Underwriters, Inc. ("CLU") to Compel Debtors to Implement Plan and for Sanctions, Debtors Objection to the Motion of CLU and Debtors Motion to Require CLU to Implement Plan and for Sanctions. The Court conducted hearings on the various motions and concluded same on the 2nd day of April, 1996. Counsel for either party was allowed additional time to supplement their briefs and to file any affidavits. The following will serve as the Court's findings of fact and conclusions of law. FED. R.BANKR.P. 7052.

After what was basically a totally contested Chapter 11, debtors and CLU reached agreement on the eve of confirmation. This allowed debtors to have their plan confirmed by the acceptance method pursuant to 11 U.S.C. § 1129(a). Confirmation of Debtors Third Amended Plan of Reorganization occurred on February 20, 1996. Debtors and CLU agreed to a closing date of March 20, 1996. This closing date was not imposed by the Court but was a date agreed to by the parties during negotiation of a settlement. It is undisputed that closing did not take place on this date. The dispute arises over whether or not CLU is entitled to fees and expenses incurred as a result of the transactions not being closed on the agreed date. Debtors argue that sufficient documents and all funds were delivered on the date of closing to allow this Court to deny CLU's motion. Debtors further argue that because of requirements of CLU a standard closing was not possible but required additional time. All documents required for closing have been delivered and closing has occurred. Debtors argue that there is no contractual basis for payment of fees and expenses under the

"American Rule." *See Shimman v. International Union of Engineers Local 18,* 744 F.2d 1226, 1229 (6th Cir.1984).

CLU has presented statements and affidavits as to the additional fees and expenses incurred as a result of the failure of the closing to take place as scheduled. The most troubling part of the evidence presented by CLU was the statement by Mr. Lobrano regarding his conversations or attempted conversations with Mr. Shelton prior to leaving Florida. Mr. Lobrano's statements regarding the assurances given him by Mr. Shelton or Mr. Shelton's failure to request a delay for closing are uncontradicted. This Court must, however, determine if sanctions are available under these circumstances.

▪ After reviewing all the facts, memoranda and statements of counsel, this Court has determined that the imposition of sanctions is appropriate. The Court must next determine against whom to impose the sanctions and the amount of said sanctions. CLU asserts that debtors' failure to timely pay the premium due on a life insurance policy to be transferred to CLU at closing was one of the events which prohibited closing from taking place. The major reason, however, asserted by CLU is that Mr. Shelton failed to have his law firm timely prepare the documents required for closing. Perhaps the most troubling to this court is the fact that Mr. Shelton did not advise Mr. Lobrano that the agreement would not close at the time agreed upon, thus avoiding the time and expense associated with travel to Memphis for closing.

▪ After much deliberation the Court has determined that the proper party to impose sanctions against is counsel for debtors, Mr. Henry Shelton. The Court finds that by being straightforward with Mr. Lobrano, Mr. Shelton could have avoided this situation. A simple truthful statement that the closing would not occur as promised would have been appropriate. Attorneys owe a duty to this Court and all other courts to not recklessly create needless costs during litigation.

Congress has enacted a statute to allow courts to deal with situations where an attorney multiplies a proceeding in an unreasonable and vexatious manner. *See* 28 U.S.C. § 1927.[1] This Court also has inherent power to award sanctions for such conduct. *See* 11 U.S.C. § 105. The Court specifically finds that Mr. Shelton has unreasonably and vexatiously multiplied these proceedings by failing to act responsibly in his dealings with Mr. Lobrano. *See In re TCI Limited,* 769 F.2d 441 (7th Cir.1985) (holding that when an attorney recklessly creates needless costs the other side is entitled to relief).

▪ After having determined that sanctions are appropriate against Mr. Shelton, the Court must now determine the amount of such sanctions. After reviewing the record, the Court finds that sanctions in the amount of $7,581.55 will be imposed. The Court determines this amount by recognizing that had the closing taken place as agreed, Mr. Lobrano would have been travelling to Memphis on March 19, 1996 and would have closed the various transactions on March 20, 1996. The Court, therefore, will not award the fees requested by Mr. Lobrano and Mr. Hill for these dates. The Court does, however, award the 25.9 hours after March 20, 1996 to Mr. Lobrano at the requested hourly rate of $175.00 per hour. In addition, the Court awards expenses to Mr. Lobrano for air travel on April 2, 1996 in the amount of $642.80. The Court further awards requested fees for Mr. Hill for 13.75 hours incurred after March 20, 1996. These hours are allowed at a rate of $175.00 per hour. The Court does not allow an award for all requested hours by Mr. Hill and his firm, finding some to be duplicative.

It is therefore **ORDERED** that CLU recover from counsel for debtor, Mr. Henry C. Shelton, sanctions in the amount of $7581.55.

**IT IS SO ORDERED.**

---

1. The code section reads as follows:

    Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
    28 U.S.C. § 1927.